UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KATHRYN and MICHAEL LACHNEY                         CIVIL ACTION

v.                                                  No. 14-476

STATE FARM FIRE & CASUALTY COMPANY                  SECTION "F"

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

This is an insurance coverage dispute arising out of property damaged during Hurricane Isaac.

Kathryn and Michael Lachney owned a house located at 2035 Lafitte Street in LaPlace, Louisiana.  Their house was damaged when Hurricane Isaac hit southeast Louisiana on August 29, 2012.  After the storm, the Lachneys filed a claim with State Farm Fire & Casualty Company, their homeowner's insurer, to recover under the homeowner's policy for covered losses.  They submitted a damge estimate that purported to document more than $82,000 in damages.  But State Farm paid something less than that.  Dissatisfied, the Lachneys sued State Farm in state court, alleging that State Farm arbitrarily adjusted and undervalued their damage claim; they seek to recover damages and statutory penalties.  Accompanying their petition, counsel for the Lachneys submitted a Binding Pre-Removal Stipulation, in which the Lachneys "stipulated as follows":

1

>                                  1.
> The total monetary award sought by Plaintiffs and against
> STATE FARM FIRE AND CASUALTY COMPANY with all elements of
> damages, exclusive of costs and interest, in any way
> related to the insured property described in the Petition
> does not exceed the sum of $75,000.00, including all
> penalties and attorneys' fees.
>                                  2.
> Neither Plaintiffs nor her attorney will accept or seek
> to recover any portion of a judgment or award in excess
> of $75,000.00, including all penalties and attorneys'
> fees, but exclusive of interest and costs.
>                                  3.
> Neither Plaintiffs nor her attorney will amend or
> authorize the Petition to plead an amount in controversy
> in excess of $75,000.00, including all penalties and
> attorneys' fees, but exclusive of interest and costs.
>                                  4.
> Plaintiffs and her attorney declare it is their intent to
> waive, relinquish, and/or renounce entitlement to any
> damages, exclusive fo interest and cost, in excess of
> $75,000.00.  Plaintiffs and Plaintiffs' counsel renounce
> any right to enforce or collection any judgment or award
> in excess of $75,000.00, including all penalties and
> attorneys' fees, but exclusive of interest and costs.
>                                  5.
> Plaintiffs and her attorney declare the damages sought by
> Plaintiffs do not exceed the sum of $75,000.00, exclusive
> fo interest and costs, but including any type of damages
> available to Plaintiff, including, but not limited to
> contractual damages, penalties, and attorneys' fees.

The Binding Pre-Removal Stipulation is signed by Shelly R. Hale, counsel for plaintiffs.  On February 26, 2014 State Farm timely removed the suit to this Court, invoking the Court's diversity jurisdiction.  The plaintiff now requests remand.

                                  I.
                                  *A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See <u>Jernigan v. Ashland Oil,</u>

Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a plaintiff include "no specific amount

of damages" in her prayer for relief. L<small>A</small>. C<small>ODE</small> C<small>IV</small>. P<small>ROC</small>. art. 893.[1] When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>Simon v. Wal-Mart Stores</u>, 193 F.3d 848, 850 (5th Cir. 1999); see also <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002); <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a

---

[1] "[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiffs can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

## II.

The plaintiffs here did not assert an amount in controversy in

5

their original petition. However, they did file with their petition a Binding Pre-Removal Stipulation, renouncing the right to recover more than $75,000. State Farm insists, however, that the stipulation was not filed along with the petition, and that it is not binding. The Court disagrees.

The stipulation, which was attached to State Farm's notice of removal along with the state court petition, contains the same fax-stamp date of 2/5/2014. Curiously, however, State Farm characterizes the stipulation as "post-petition". Neither side addresses when the stipulation was filed by the plaintiff, but it was clearly filed before removal. The Court is satisfied that it is not a post-removal document and, therefore, turns to consider whether or not it is binding.

State Farm is concerned that if the Lachneys change lawyers, they will claim they had no knowledge of the stipulation. State Farm suggests that, to be legally binding, any stipulation must be accompanied by an affidavit or some sort of statement sworn to by the individual plaintiffs. Another Section of this Court disagrees. See Bryant v. Rosser, No. 13-6125, 2014 WL 379147, at *4 (E.D. La. Feb. 3, 2014)(Vance, J)(finding that the plaintiffs' stipulation that they will not execute a judgment greater than $75,000 "is signed by the plaintiffs' attorney and is thus binding on plaintiffs."). State Farm cites no authority for its position that an attorney cannot bind her clients. The Court finds that the

6

plaintiffs are bound by the stipulation signed by their attorney. See Degeyter v. Allstate Ins. Co., No. 09-1582, 2009 WL 3335959, at *2 (W.D. La. Oct. 15, 2009)("It is well settled that an attorney with proper authority, acting on behalf of his client, can bind his client"). By the stipulation, the plaintiffs have shown that it is legally certain that their claim is really for less than the jurisdictional amount.[2] Accordingly, the Court lacks subject matter jurisdiction.

The plaintiff's motion to remand is GRANTED. The case is hereby remanded to the 40th Judicial District Court for the Parish of St. John the Baptist.

New Orleans, Louisiana, April 16, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]To alleviate the defendant's concern, if the plaintiffs change lawyers and challenge whether they are bound by their stipulation, the equitable exception to the one-year time limit on removal in diversity cases may apply. Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003). If the amount in controversy actually is greater than $75,000, the defendant will have the opportunity to remove the case after it receives a document from which it can first ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3).